IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *as Trustee*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 2:22-cv-287-ECM-SMD |
| STEVEN CLAYTON THOMASON, *et al.*, | ) ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case arises from allegations that pro se Defendants Steven Clayton Thomason, Bre Leonna Thomason, and Norcisse Prisca Thomason (collectively "Defendants") have refused to vacate property ("the property") that Plaintiff Deutsche Bank National Trust ("Deutsche Bank")[1] purchased in foreclosure. Deutsche Bank filed a Complaint (Doc. 1) alleging claims for state law ejectment (Count One); quiet title (Count Two); judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Count Three); and preliminary and permanent injunctions (Count Four). Defendants have answered the Complaint (Docs. 10, 11, 17) and filed a Motion to Remand the Case to State Court (Doc. 25).[2]

---

[1] The Complaint alleges that Deutsche Bank was acting as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-A and Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2006-A. Compl. (Doc. 1) p. 1.

[2] This case was filed in federal court; therefore, remand to state court is not appropriate. Notably, however, Defendants' motion also seeks other relief, including a request that the Court deny Deutsche Bank's requests for preliminary and permanent injunctions under a "jurisdiction challenge." Mot. (Doc. 25) p. 1.

Deutsche Bank contends that the Court has jurisdiction over the Complaint pursuant to diversity jurisdiction. Compl. (Doc. 1) p. 2. As the party seeking to establish diversity jurisdiction, Deutsche Bank must demonstrate that the amount in controversy exceeds $75,000 and that the parties are completely diverse. 28 U.S.C. § 1332. Defendants generally challenged this Court's jurisdiction over the Complaint, *see* Mot. (Doc. 25), and upon review, the Court *sua sponte* raised concerns that diversity jurisdiction was lacking, particularly pertaining to the amount in controversy requirement, Order (Doc. 37) (show cause order to Deutsche Bank, requiring it to show that the amount in controversy is satisfied). Deutsche Bank filed a response, which is before the Court. Resp. (Doc. 38).

For the reasons below, the undersigned finds that Deutsche Bank has not satisfied its burden to show that the amount in controversy exceeds $75,000. As such, the undersigned RECOMMENDS that this case be dismissed for lack of subject matter jurisdiction.

I.   APPLICABLE LAW

A party may seek to dismiss a claim for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). But even if neither party raises a jurisdictional challenge, a court should raise the question of its jurisdiction *sua sponte* whenever the matter is in doubt. *See, e.g.*, *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). In short, a court must zealously ensure that jurisdiction exists over a case. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The party invoking the court's jurisdiction bears the burden of demonstrating that the matter falls within the court's subject matter jurisdiction. *Morrison v. Allstate*, 228 F.3d 1255, 1273 (11th Cir. 2000); *Murphy v. Sec. of Army*, 796 F. App'x 779, 782 (11th Cir. 2019). In determining whether the amount in controversy is satisfied, a single plaintiff may aggregate two or more claims against a defendant, even if the claims are unrelated. *Snyder v. Harris*, 394 U.S. 332, 335 (1969).

## II.   ANALYSIS

To determine if Deutsche Bank has met its burden to show that the $75,000 amount in controversy is satisfied, the undersigned will examine each claim asserted and the monetary value of that claim, if any.

### A.   Count One: State Law Ejectment

In Count One, Deutsche Bank asserts a claim for ejectment. Compl. (Doc. 1) pp. 4-5. Deutsche Bank demands possession of the property, along with "mesne profits" and damages for waste and injury to the property, computed up to the time possession is restored. *Id.* at 5. Mesne profits include "compensation for the use and occupation of land which is the fair rental value of the property during the period of the tortious holding." *Miller v. Parvin*, 450 So. 2d 146, 147 (Ala. Civ. App. 1984).

Ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy. *See Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001). As for "mesne profits" (or the fair rental value of the property), Deutsche Bank does not estimate the fair rental value of the property or otherwise provide the Court with any information to reasonably calculate that value. Because it is Deutsche

Bank's burden to establish this Court's jurisdiction over its claims, the undersigned declines to speculate as to the fair rental value of the property.[3] *See Progressive Mountain Ins. Co. v. Middlebrooks*, 805 F. App'x 731, 737 (11th Cir. 2020) ("[C]onclusory allegations that the amount in controversy is satisfied does not suffice and courts should demand evidence supporting jurisdiction."); *see also Morrison*, 228 F.3d at 1261 (explaining that the district court "is obligated to assure itself that the case involves the requisite amount in controversy").

### B. Count Two: State Quiet Title

In Count Two, Deutsche Bank asserts a quiet title claim. Compl. (Doc. 1) pp. 5-6. An Alabama quiet title claim requires the plaintiff to allege that "he or she is in peaceable, rather than scrambling, possession of the property" for the court to have jurisdiction over the claim. *Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Assoc., Inc.*, 947 So. 2d 1031, 1038 (Ala. 2006). If the allegations in the complaint do not show that the plaintiff is in peaceable possession of the property, the scrambling nature of the possession "destroys the jurisdiction of the court over the cause at its very threshold, and renders unnecessary a consideration of the questions which constitute any of the issues as to the contest of title." *Buchmann Abstract & Inv. Co. v. Roberts*, 213 Ala. 520, 521 (1925); *see also Ex parte Green*, 58 So. 3d 135, 147 (Ala. 2010) ("Jurisdiction exists over [a quiet title claim] only if [it] can [be] demonstrate[d] that, at the time the complaint was filed,

---

[3] Of course, it strains credulity to conclude that the aggregate rental value of the property would alone exceed $75,000.

[the plaintiff] was 'in the actual, peaceable possession of the land.'") (citing ALA. CODE § 6-6-650 (1975)).

Here, Deutsche Bank alleges that it is "in constructive possession of the [p]roperty and *will be* in actual peaceable possession *once this Court issues, and the federal marshals execute, a Writ of Possession*." Compl. (Doc. 1) p. 5 (emphasis added). This admission shows that Deutsche Bank is not in peaceable possession of the property, as required for this Court to have jurisdiction over the claim.[4] Deutsche Bank cannot predicate jurisdiction over its Alabama quiet title action on some future action it requests of the Court. Jurisdiction must exist at the time of filing. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) ("[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed"). Therefore, Deutsche Bank's Alabama quiet title claim does not contribute to the amount-in-controversy requirement for diversity jurisdiction.

## C. Count Three: Federal Declaratory Judgment Act

In Count Three, Deutsche Bank alleges a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that its title to the property is valid. Compl. (Doc. 1) pp. 6-7. The Declaratory Judgment Act provides that "[i]n a case of actual controversy *within its jurisdiction* . . . any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C.

---

[4] Even if the Court were to have jurisdiction over the quiet title claim, the claim is not ripe because Deutsche Bank clearly alleges it is not in peaceable possession of the property and will not be in such possession until "this Court issues, and the federal marshals execute, a Writ of Possession." *See* Compl. (Doc. 1) p. 5. Such a claim cannot satisfy the amount in controversy requirement.

5

§ 2201(a) (emphasis added). The Act is not an independent source of federal jurisdiction, and a plaintiff must "allege facts showing that the controversy is within the court's original jurisdiction." *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003). *See generally Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 134 S. Ct. 843, 848 (2014) ("We agree . . . that the Declaratory Judgment Act does not 'extend' the 'jurisdiction' of federal courts."); *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008) ("Of course, it is well established that the Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts"). Here, Deutsche Bank alleges diversity jurisdiction.

For amount in controversy purposes, the value of declaratory relief is the "value of the object of the litigation" measured from the plaintiff's perspective. *Ericsson GE Mobile Comm'n's, Inc. v. Motorola Comm'n's & Elecs., Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997). In other words, "the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014) (quoting *Morrison*, 228 F.3d at 1268.

Deutsche Bank contends that the value of the Declaratory Judgment Act claim is the value of the property itself, which exceeds $75,000. Resp. (Doc. 38) pp. 5-6. Deutsche Bank offers three estimates of the value of the property: (1) the 2022 tax assessment value of $151,300; (2) the $173,980.38 sales price of the property at foreclosure in September 2021; and (3) a June 2021 appraisal of $89,000. Resp. (Doc. 38) pp. 5-6. Based on these values, it is reasonable to assume that the value of the property likely exceeds $75,000.

However, the Declaratory Judgment Act "is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotation marks omitted)). Even if the $75,000 amount in controversy requirement is met, this Court should exercise its discretion to decline jurisdiction over the claim. A district court "possess[es] discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *Wilton*, 515 U.S. at 282; *see also Esteves v. SunTrust Banks, LLC*, 615 F. App'x 632, 637 n.2 (11th Cir. 2015). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. "In exercising its authority under the Declaratory Judgment Act, a district court: 'should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation.'" *Acuity v. Cifuni*, Case 2020 WL 5763606, at *2 (D. Nev. Sept. 28, 2020).

The Supreme Court instructs that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). But a parallel state court proceeding is not a prerequisite for a district court to decline to exercise jurisdiction over a Declaratory Judgment Act claim. *See Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*, 12 F.4th 1278, 1284 (11th Cir. 2021) (holding that "the existence of a parallel

7

proceeding is not a prerequisite to a district court's refusal to entertain an action under [the Declaratory Judgment Act]"). Other factors for consideration include, but are not limited to, whether: (1) "the federal declaratory remedy is being used merely for the purpose of 'procedural fencing'"; (2) "the use of a declaratory action . . . would improperly encroach on state jurisdiction"; (3) "the underlying factual issues are important to an informed resolution of the case" and "whether the state trial court is in a better position to evaluate those factual issues than is the federal court"; and (4) "there is a close nexus between the underlying factual and legal issues and state law . . . or whether federal . . . law dictates a resolution of the declaratory judgment action." *Ameritas*, 411 F.3d at 1331. When deciding whether to exercise jurisdiction under the Declaratory Judgment Act, courts are guided by "the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims." *Id.* at 1330-31.

Here, there are multiple reasons why this Court should decline to exercise jurisdiction over Deutsche Bank's Declaratory Judgment Act claim. First, it appears from Defendants' filings that there is ongoing state litigation regarding the underlying property. *See* Mot. (Doc. 25) p. 1 (Defendants' motion to remand this case to state court where there is a pending motion to set aside the non-judicial foreclosure that is being reviewed under state law); (stating that "[t]he State Court has jurisdiction, an emergency hearing is scheduled before Hon Judge Hardwick this week"). By exercising jurisdiction this Court would possibly encroach upon the state court's jurisdiction, which could lead to

8

inconsistent rulings. *See Ameritas*, 411 F.3d at 1331 (considering "whether the use of a declaratory action . . . would improperly encroach on state jurisdiction").

Second, the relief sought by Deutsche Bank under the Declaratory Judgment Act is exclusively guided by state law. In fact, Deutsche Bank asserts no federal claims in its complaint. Thus, the state trial court is in a better position to evaluate the state-law issues pertaining to valid title, right of redemption, etc., than the federal court. *See Ameritas*, 411 F.3d at 1331 (considering "whether the state trial court is in a better position to evaluate [the] factual issues [important to the claim] than is the federal court").

Third, in many ways, the relief sought under the Declaratory Judgment Act is duplicative of the relief sought by Deutsche Bank in Counts One and Two. For example, the Declaratory Judgment Act claim seeks "exclusive possession" of the property. Compl. (Doc. 1) p. 7. This relief mirrors the relief sought in Count One, which demands possession of the property. *Id.* at 5. In the same way, the Declaratory Judgment Act claim seeks valid title to the property. *Id.* at 7. This mirrors the relief sought in Count Two, which seeks to quiet title and requires the Court to determine if Deutsche Bank has "fee simple title in the [p]roperty free and clear of all encumbrances." *Id*. at 6. As previously discussed, Counts One and Two do not satisfy the amount in controversy requirement, and couching the same requests as a Declaratory Judgment Act claim should not change that result.

Fourth, Deutsche Bank originally filed the same claims in state court and voluntarily dismissed them as part of its effort to invoke this Court's jurisdiction. In one of its most recent state court suits—*Deutsche Bank Nat'l Trust Co. v. Thomason*, CV-2022-900161.00—Deutsche Bank sued Defendants for the same or practically the same claims

9

and requests for relief that it seeks here.[5] After several months of litigation, Deutsche Bank voluntarily dismissed its state law claims. *Deutsche Bank Nat'l Trust Co. v. Thomason*, CV-2022-900161.00, Final Order (Doc. 94). Then, four months later, Deutsche Bank filed suit in this Court reasserting the same claims it had voluntarily dismissed in state court. Compl. (Doc. 1). This type of blatant forum shopping should not be rewarded. The state court is fully capable and much better suited than this Court to handle this state-law property dispute. *See Ameritas*, 411 F.3d at 1331 (considering "whether there is a close nexus between the underlying factual and legal issues and state law . . . or whether federal . . . law dictates a resolution of the declaratory judgment action.").

Finally, this Court is no stranger to the Deutsche Bank and Thomason litigation. On multiple occasions, Deutsche Bank has removed state court cases to this Court filed by Steven Thomason, and Steven Thomason has initiated cases against Deutsche Bank in this Court.[6] Repeatedly, this Court has concluded that Steven Thomason failed to state a claim or that his claims were barred by *res judicata*. Recently, Deutsche Bank obtained an injunction against Steven Thomason preventing him from filing future complaints in this Court regarding the underlying property. *Thomason v. Deutsche Bank, Trustee for Home*

---

[5] In Deutsche Bank's state court complaint, Deutsche Bank alleges that Defendants have refused to vacate the property after foreclosure and request "possession of the property" and "mesne profits." *Deutsche Bank Nat'l Trust Co. v. Thomason*, CV-2022-900161.00, Compl. (Doc. 2) pp. 2-3.

[6] *Thomason v. One West Bank, FSB, Indy Mac Bank, et al.*, 2:12-cv-604-MHT-WC ("*Thomason I*") (Docs. 1, 89); *Thomason v. Ocwen Loan Servicing, LLC, et al.*, 2:19-cv-256-ECM-SMD ("*Thomason II*") (Doc. 1); *Thomason v. Deutsche Bank National Trust Co. as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABA 2006-A, Home Equity Mortgage Loan asset-Backed Certificates Series INABS 2006-A8*, 2:20-cv-292-WKW-KFP ("*Thomason III*") (Doc. 1-1); *Thomason v. Deutsche Bank National Trust Co. as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABA 2006-A, Home Equity Mortgage Loan asset-Backed Certificates Series INABS 2006-A8*, 2:21-cv-650-ECM-SMD ("*Thomason IV*") (Doc. 1-1).

10

*Equity Mortgage Loan Asset-Backed Trust Series INABA 2006-A, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS2006-A8*, 2:22-cv-52-ECM-SMD, Opinion and Order (Doc. 22) pp. 18-19. Now Deutsche Bank is back here in this federal Court over the same state property dispute.[7] They cannot have it both ways, and this Court should not address the parties' state-law property disputes simply because their roles are reversed, particularly in light of the aforementioned reasons to abstain.

For these reasons—even if Deutsche Bank's Declaratory Judgment Act claim could satisfy the $75,000 amount in controversy requirement—this Court should exercise its discretion under the Declaratory Judgment Act and decline to hear the claim.

**D. Count Four: Preliminary and Permanent Injunctions**

In Count Four, Deutsche Bank requests preliminary and permanent injunctions prohibiting Defendant Steven Thomason from filing future suits against it. Compl. (Doc. 1) pp. 7-9. Deutsche Bank suggests that there is value in this claim by prohibiting Thomason "from filing future lawsuits, especially when the Trustee has incurred over $125,000 in litigation costs since its current counsel started defending it from Thomason's frivolous suits[.]" Resp. (Doc. 38) pp. 6-7. These expenses cannot be counted in determining the amount in controversy. "The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, Inc.*, 329 F.3d 805, 808 n.4 (11th Cir. 2003).

---

[7] Although this suit was filed prior to the entry of the injunction against Thomason, the timing does not affect the undersigned's analysis.

Deutsche Bank has cited no statute or contract that would allow consideration of such fees here, and the undersigned is aware of none. Further, while it is possible that Deutsche Bank may continue to incur litigation costs relating to this property, this is merely conjecture and speculation, which this Court cannot indulge in a § 1332 jurisdictional analysis. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753-54 (11th Cir. 2010) (divining the amount in controversy "only through speculation . . . is impermissible"); *Crocker v. Lifesouth Cmty. Blood Ctrs., Inc.*, 2016 WL 740296, at *4 (S.D. Ala. Feb. 23, 2016) ("the amount in controversy cannot be satisfied by conjecture or speculation"). As such, the claim does not contribute to the amount in controversy requirement for diversity jurisdiction.

### III. CONCLUSION

For the reasons set forth above, it is the

RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED for lack of subject matter jurisdiction. The undersigned further

RECOMMENDS that the Court vacate the undersigned's previous Recommendation (Doc. 28) and deny all pending motions as MOOT. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 13, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of February, 2023.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE